

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Harry Knox, Chairman
State Board of Control
Austin, Texas

Dear Sir:

Opinion No. O-2325
Re: Can the Board of Control
legally contract for in-
surance for a three-year
period? Can the various
State institutions and
agencies pay in advance,
from current appropriations,
for premiums on policies of
insurance covering a three-
year period?

    Your recent request for an opinion of this depart-
ment on the above stated questions has been received.

    We quote from your letter as follows:

    "The State Board of Control has heretofore
contracted for boiler insurance protection at
various State institutions and agencies on a
three year basis, payable in advance out of cur-
rent support and maintenance appropriations, thus
effecting a saving by making a three year contract.

    "Question 1. Can the Board of Control leg-
ally contract for insurance for a three-year con-
tract?

    "Question 2. Can the various State institu-
tions and agencies pay in advance, from current
appropriations, for premiums on policies of in-
surance covering a three-year period?"

    This department in Opinion No. O-201, held that
the State Board of Health was unauthorized to insure State
property in its possession against loss by fire, unless a
specific appropriation had been made for that purpose.
That opinion was based upon the proposition that the Legis-
lature had in Senate Concurrent Resolution No. 3, passed

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Harry Knox, Page 2

at the Second Called Session of the 37th Legislature, declared it to "be the fixed policy of this state to carry its own insurance upon state buildings and contents, and that no insurance policy shall be taken out upon any of the public buildings and contents thereof...."

Our Opinion No. O-842 holds that the Commissioner of Agriculture has no authority, in the absence of a specific appropriation for such purpose, to pay the premium on fire or casualty insurance policy issued on certain livestock owned by the State.

An available, specific appropriation to pay the premium on any kind of a policy issued in favor of the State would amount to a subsequent declaration of policy by the Legislature and would, to that extent, repeal the policy announced by the resolution above referred to.

We have carefully examined the various appropriation bills passed by the 46th Legislature, and so far as we have been able to find, there are no specific appropriations made to the various State institutions and agencies for the purpose of paying the premium on the policies under consideration.

"All public offices and officers are creatures of law. The powers and duties of public officers are defined and limited by law. By being defined and limited by law, we mean the act of a public officer must be expressly authorized by law or implied therefrom. 22 R. C. L., p. 555, Sec. 114. It follows from the above that public officers may make only such contracts for the government they represent as they are authorized by law to make." Fort Worth Cavalry Club, Inc. vs. Sheppard, 83 S.W. (2d) 660.

After carefully reviewing Chapters 1 to 7a, inclusive, of Title 20, Vernon's Annotated Civil Statutes, we do not find where the Board of Control is authorized to contract for insurance for a three-year period. Therefore, your first question is respectively answered in the negative.

Honorable Harry Knox, Page 3

          In view of what has been said above, it naturally
follows that your second question must be answered in the
negative and is so answered.

          Trusting that the foregoing fully answers your
inquiry, we are

                              Very truly yours

                         ATTORNEY GENERAL OF TEXAS

                         By *Ardell Williams*

                              Ardell Williams
                              Assistant

AW/oe

               APPROVED MAY 10, 1940

               *Gerald C. Mann*

               ATTORNEY GENERAL OF TEXAS



APPROVED
OPINION
COMMITTEE
BY *BWB*
CHAIRMAN